UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DOUGLAS DAYTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:16-CV-1789 CEJ |
|  | ) |  |
| RICHARD LISENBEE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $4.70, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, for the reasons set forth below, this action will be dismissed without prejudice.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action against Richard Lisenbee, Matt Shults, and Unknown Lortts, all of whom are employed by the Phelps County jail. According to the complaint, the jail requires inmates to submit written request forms in order to access the library. Plaintiff alleges that there was a delay in his receipt of a request form and that when he submitted the form he was told by an unidentified jail employee that it was "too late." As a result, plaintiff was denied access to the library. Plaintiff filed a grievance. In response, Lortts took plaintiff out of his cell and told plaintiff that going to the law library was a privilege, not a right. Lortts also stated that due to overcrowding at the jail, access to the library was "first come first serve [sic]."

Plaintiff asserts that Lortts' statements violated his rights. He also claims that his right to equal protection has been violated because other offenders from the same housing unit were allowed to go to the law library. Further, plaintiff seeks to hold defendants Lisenbee and Shults liable because they have a responsibility to oversee the jail's operations.

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73

F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). There are no allegations that defendants Lisenbee or Shults interfered with plaintiff's access to the law library. As a result, the complaint does not state a plausible claim against them.

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Regardless of whether Lortts was correct about plaintiff's right of access to the law library, his response to plaintiff's grievance did not constitute a constitutional violation.

Finally, a plaintiff must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment"). Plaintiff has not alleged that he was singled out because of his membership in a class. As a result, his equal protection claim is frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

An order of dismissal will be filed separately.

Dated this 8th day of December, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).